IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARDOCHE OLIVIER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:16-cv-3256 |
| KEITH JONES *et al.*, | ) ) Judge Trauger |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

The plaintiff Mardoche Olivier, proceeding *pro se*, has filed a civil rights complaint against defendants Clarksville Police Officers Keith Jones, Ronald Keenom, JT Knoblock, David Odell, and Crystal Robinson and the City of Clarksville ("City"). (ECF No. 1.) Additionally, the plaintiff has applied to proceed *in forma pauperis*. (ECF No. 2)

Because it is apparent from the plaintiff's application that he lacks sufficient resources from which to pay the required filing fee, his application to proceed *in forma pauperis* (ECF No. 2) will be granted.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Begola v. Brown*, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDaniel*, 454

U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## I. FACTUAL ALLEGATIONS

In his complaint the plaintiff alleges that on June 1, 2015, Officers Jones and Knoblock stopped a female driver, Ms. Mines, who was following the plaintiff, who was also driving, to a location in Clarksville, Tennessee. Ms. Mines was stopped for speeding. Ms. Mines and Officers Jones and Knoblock pulled into a parking lot.

Apparently, noticing that Ms. Mines was no longer behind him, the plaintiff retraced his route, eventually pulling in to the parking lot where Officers Jones and Knoblock were with Ms. Mines. Plainitff exited his vehicle but remained a "good distance" from where Officers Jones and Knoblock were dealing with Ms. Mines. (ECF No. 1 at Page ID# 3.)

Officers Jones and Knoblock eventually approached the plaintiff explaining that Ms. Mines had told them that the plaintiff was her ride. Officers Jones and Knoblock asked to see the plaintiff's driver's license. The plaintiff informed Officer Jones and Knoblock "that he did not want anything to do with them and . . . that this contact was not consensual." *Id.* Plaintiff demanded that Officers Jones and Knoblock leave him alone.

Plaintiff alleges that Officer Jones and Knoblock continued to harass him, so much so, that the plaintiff ended up calling "911" seeking assistance in dealing with Officers jones and Knoblock. While the plaintiff waited for a supervisor, Officers Jones and Knoblock arrested him for driving on a revoked/suspended license and excessive "911" calls. Plaintiff alleges that Officers Jones and Knoblock also searched his vehicle without his permission, warrant or probable cause to search.

2

When a supervisor arrived, the supervisor refused to assist the plaintiff and allowed Officers Jones and Knoblock to "false[ly] imprison [the] plaintiff without any probably cause of a crime.

Plaintiff alleges claims for violation of his Fourth, Fifth and Fourteenth Amendment rights. Additionally, he alleges claims for violation of 18 U.S.C. § 241 and § 242.

As relief, the plaintiff seeks compensatory and punitive damages against each defendant.

## II.   STANDARD OF REVIEW

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some

factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

### III. DISCUSSION

#### A. Statute of Limitations

Although the instant action was filed more than one year after the alleged incident which is the subject of the plaintiff's complaint, a § 1983 cause of action that would impugn the validity of an underlying conviction or sentence does not accrue until the underlying criminal proceedings terminates in the plaintiff's favor. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). The court takes judicial notice of the online docket of the Montgomery County Criminal Court in *State v. Mardoche Olivier*, 63CC1-2015-CR-1220, which reflects that the charge against the

plaintiff for driving while license revoked was dismissed by the State on April 4, 2016.[1] While additional information obtained in the course of this litigation may cause the court to have to revisit this issue, for purposes of initial review only, the court finds that this action is not barred by the statute of limitations.

### B. 18 U.S.C. § 241 and § 242

The plaintiff's claims under 18 U.S.C. § 241 and § 242, must be dismissed.

Neither § 241 nor § 242 provide for a private right of action. *See Davis v. Sarles*, 134 F.Supp.3d 223, 228 (D.D.C. 2015) (noting that 18 U.S.C. §§ 241 and 242 are federal criminal statutes and do not create a private right of action); *Diaz Aviation Corp. v. Airport Aviation Servs., Inc.*, 762 F. Supp. 2d 388, 393 (D.P.R. 2011) (same); *Peabody v. United States*, 394 F. 2d 175 (9th Cir. 1968) (same).

Consequently, the plaintiff fails to state a claim for relief based on § 241 or § 242.

### C. Officers Keenom, Odell and Robinson

Although named as defendants, the plaintiff fails to set forth any allegations suggesting that Officers Keenom, Odell and Robinson engaged in any conduct at all, let alone conduct that violated the plaintiff's constitutional rights.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v.*

---

[1] *See* Fed. R. Evid 201; *Schreane v. Patterson*, No. 1:12-cv-323, 2014 WL 415957, at *3 (E.D. Tenn. Feb. 4, 2014) (recognizing that [a]lthough the district courts ordinarily do not consider matters outside the civil rights complaint when deciding whether to dismiss it for failure to state a a claim, they may consider public records and any other matters of which the court may take judicial notice under Rule 201(b) of the Federal Rules of Evidence. (internal citations omitted).)

*Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Because the plaintiff's claims fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Officers Keenom, Odell and Robinson.

### D. City

The plaintiff fails to state a claim against the City.

A municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509.

The plaintiff does not identify any City policy or custom that caused him a constitutional injury. Therefore, he fails to state a claim for relief against the City.

### E. Officers Jones and Knoblock

The plaintiff fails to state a claim for violation of his rights under the Fifth Amendment.

The Fifth Amendment, which is applicable to the states by virtue of the Fourteenth Amendment, prohibits forced self-incrimination. *Malloy v. Hogan,* 378 U.S. 1, 8, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). A *Miranda* warning is designed to prevent an individual subject to custodial interrogation from being coerced to provide self-incriminating statements. *See Miranda,* 384 U.S. at 436. The plaintiff does not allege that he provided any incriminating statements. Even if he did, he does not allege that they have been used against him in a criminal case. "[M]ere coercion does not violate the ... Self–Incrimination Clause absent use of the compelled statements in a criminal case." *Chavez v. Martinez,* 538 U.S. 760, 769, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003). "It is only once compelled incriminating statements are used in a criminal proceeding . . . that an accused has suffered the requisite constitutional injury for purposes of a § 1983 action." *McKinley v. City of Mansfield,* 404 F.3d 418, 430 (6th Cir.2005). Thus, the plaintiff does not state an actionable Fifth Amendment claim.[2]

At this juncture, the plaintiff alleges sufficient facts to state a claim for violation of his rights under the Fourth and Fourteenth Amendments.

## IV. CONCLUSION

For the reasons set forth herein, the plaintiff's complaint will be dismissed, except for his Fourth and Fourteenth Amendment claims against Officers Jones and Knoblock, which shall be referred to the Magistrate Judge for further proceedings as described in the accompanying order. An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge

---

[2] Nor does the plaintiff state a due process claim under the Fifth Amendment because he does not allege a claim against a federal actor. *See Edwards v. U.S., Dept. of Energy*, 371 F.Supp.2d 859, 866 (W.D. KY 2005) (noting that a due process claim under the Fifth Amendment is actionable against a federal actor).

7