```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                          AT NASHVILLE

MARDOCHE OLIVIER,              )
                               )
        Plaintiff              )
                               )    No. 3:16-3256
v.                             )    Judge Trauger/Brown
                               )    Jury Demand
KEITH JONES; JT KNOBLOCK,      )
Clarksville Police Officers,   )
                               )
        Defendants             )
```

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Presently pending is the Defendants' motion for summary judgment (Docket Entry 18). For the reasons stated below the Magistrate Judge recommends that this case be dismissed with prejudice and the Defendants be allowed to seek their reasonable costs other than attorneys' fees from the Clerk. Additionally, the Magistrate Judge recommends that any appeal from a dismissal in this case *in forma pauperis* not be certified as taken in good faith.

### BACKGROUND

As an initial matter the Plaintiff has not responded to the motion for summary judgment or to the statement of undisputed material facts (Docket Entry 19). Accordingly, the Magistrate Judge, after reviewing the statement of undisputed material facts to insure that there are appropriate citations for the statement, will adopt them inasmuch as they are unopposed.

The memorandum in support of the motion for summary judgment (Docket Entry 20) has set forth in pages 1 through 5 an accurate summary of the proceedings in this case, in both state and federal court. The summary need not be repeated verbatim. It is sufficient to note that the incident the Plaintiff complained of occurred on June 1, 2015. The Plaintiff filed a complaint in Montgomery County Circuit Court against the same two police officers involved in the present federal litigation on August 11, 2016.

In his state court complaint Plaintiff alleged that Officers Keith Jones and J.T. Knoblock violated his civil rights under Section 1983. As noted in the Defendants' memorandum and Docket Entry 19-3 the state court action was subsequently dismissed by the circuit judge on November 17, 2016, on five separate grounds. The third ground was that the Plaintiff failed to allege essential elements of his claims, including claims under 42 U.S.C. § 1983. The court also held that the one-year statute of limitations barred his civil rights claim.

Following this dismissal the Plaintiff appealed to the Court of Criminal Appeals, which issued a decision (Docket Entry 19-5) on August 17, 2017. The Court's summary of the proceedings is set out verbatim below.

> This action arises out of an alleged violation of the plaintiff's civil rights by the City of Clarksville ("the City") and a group of police officers employed by the City ("the Officers") (collectively, "Defendants"). The plaintiff was arrested on June 1, 2015, for driving on a revoked or suspended license, *see* Tenn. Code Ann. §

2

55-50-504 (2012), and making a 911 telephone call in a nonemergency situation, *see* Tenn. Code Ann. § 7-86- 316 (2015). The plaintiff filed a complaint on August 11, 2016, alleging that as a result of his arrest, the Officers caused him to suffer damages from false imprisonment, malicious prosecution, malicious harassment, outrageous conduct, intentional infliction of emotional distress, conversion, and inverse condemnation. The plaintiff also alleged violations of his civil rights pursuant to 42 U.S.C. § 1983. Defendants filed a motion to dismiss on October 5, 2016, asserting, *inter alia*, that the plaintiff's claims were statutorily barred due to the immunity granted to Defendants by the Tennessee Governmental Tort Liability Act ("GTLA"). *See* Tenn. Code Ann. § 29-20-205 (2012). The trial court entered a final order regarding Defendants' motion to dismiss on November 17, 2016, granting the motion and dismissing all claims. The plaintiff has appealed. Discerning no error, we affirm the trial court's dismissal of the plaintiff's claims.

The record does not reflect that the Plaintiff sought or secured permission for an appeal to the Tennessee Supreme Court.

## LEGAL DISCUSSION

In resolving the motion for summary judgment the Magistrate Judge has applied the well-known *Anderson v, Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) and has carefully reviewed the record to see if there is a factual dispute over material facts, which would preclude summary judgment.

The Magistrate Judge has also reviewed the matter giving the *pro se* plaintiff the benefit of the doubt. The Plaintiff has had difficulty keeping up with his pleadings (*see* Docket Entries 13 and 17). The Plaintiff was cautioned about losing contact with the Court and failing to keep a current address on file.

3

The Magistrate Judge believes that the Defendants' first argument that this case should be dismissed on the grounds of *res judicata* is well-taken. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

As the Supreme Court stated in *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001):

> Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not re-litigation of the claim raises the same issues as the earlier suit. Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.

In this case the present claims track very closely the 40-page claims originally filed and decided in state court. They involve the same officers, they involve the same incident, they involve allegations of violations of 42 U.S.C. § 1983, as well as constitutional violations, among others, of the Fourth and Fourteenth Amendments.

Even to the extent the exact same claims were not presented, *res judicata* or claims preclusion acts to bar claims that could have been brought in the state court.

The Plaintiff certainly covered the waterfront in his 40-page complaint in state court and he had a full opportunity to litigate his case in state court and did so. Unfortunately, for his claims, he lost. Having had one full and complete bite at the

4

apple, the Plaintiff is not entitled to another bite in federal court. Because the Magistrate Judge believes that the Plaintiff's claims are barred by *res judicata* and collateral estoppel, the statute of limitation issue will not be directly addressed.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), it is possible that some of the Plaintiff's claims could not be brought until the state criminal actions against him were resolved in his favor. In his complaint in the state court he alleged that final termination of the criminal cases in his favor occurred on April 4, 2016. If that allegation is accurate it is possible that some of his claims would not have accrued under *Heck* until one year after the termination in his favor.

Since this issue is not fully developed the Magistrate Judge will not rely on the statute of limitations in making this recommendation. However, it should be noted that the Plaintiff had a full opportunity to litigate the statute of limitations issue in state court and he did not successfully do so.

Given the Plaintiff is proceeding *pro se in forma pauperis*, even though his claim in this case is not well taken in light of his state court case, it is not so frivolous as to justify attorney fees. However, as a prevailing party the Defendants are entitled to costs under 28 U.S.C. § 1920.

5

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the motion for summary judgment be granted and this case be dismissed with prejudice, that the Plaintiff be taxed with costs other than attorneys' fees and that any appeal *in forma pauperis* not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 2nd day of March, 2018.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge